[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this present case is whether or not Alexander Skasko revoked a "Declaration of Trust" dated May 7, 1986 by his subsequent execution of holographic wills.
The parties stipulated to the following facts:
1. Alexander Skasko died on August 3, 2991.
 2. On May 7, 1986, Alexander Skasko executed an instrument "Declaration of Trust" which instrument was recorded on May 7, 1986 in Volume 781, Page 349 of the Danbury Land Records . . . .
 3. On December 7, 1988. Alexander Skasko executed a document which he characterized as a holographic will . . . .
 4. On September 26, 1989, Alexander Skasko executed a document . . . .
The documents were attached to the stipulation.
 A trust requires three basic elements: (1) a trust res; (2) a fiduciary relationship between a trustee and a beneficiary requiring the trustee to deal with the trust res for the benefit of the beneficiary; and (3) the manifestation of an intent to create a trust.
Goytizolo v. Moore, 27 Conn. App. 22, 25.
The Declaration of Trust executed by Skasko is a valid trust, wherein the trust res is the real property at Summit Street, held by Skasko as trustee for three beneficiaries. CT Page 1652 The document is fully intended by Skasko to create a trust.
Skasko provided for its revocation in paragraph 3 of the trust, reserving to himself the power to amend or revoke during his lifetime.
The subsequent writings, holographic wills do not revoke the trust. The power of revocation reserved in the trust instrument was a power to revoke during Skasko's lifetime. A will does not take effect until the death of the testator. Leahy v. Old Colony Trust Co., 93 N.E.2d 238, 240 (1950). Therefore, the will was ineffective to revoke the trust.
Accordingly, since the trust was not revoked by Skasko during his lifetime, the real property passes to the beneficiaries of the trust.
Leheny, J.